UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA PARSONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAKE REGIONAL HEALTH SYSTEM )<br>Serve Registered Agent )<br>Michael Henze )<br>54 Hospital Dr. )<br>Osage Beach, MO 65065 )<br>)<br>STEVEN D. MARTIN, M.D. )<br>54 Hospital Dr. )<br>Osage Beach, MO 65065 )<br>)<br>PATRICK W. O'NEIL, D.O. )<br>54 Hospital Dr. )<br>Osage Beach, MO 65065 )<br>)<br>DAVID C. TEMPLE, M.D. )<br>54 Hospital Dr. )<br>Osage Beach, MO 65065 )<br>)<br>FRANCISCUS VANDERPOOL, M.D. )<br>Now deceased, )<br>Serve Defendant Ad Litem )<br>Brian Stokes )<br>3857 Flad )<br>St. Louis, MO 63110 )<br>)<br>Defendants. ) | Cause No.<br><br>Division |

**COMPLAINT – MEDICAL MALPRACTICE/WRONGFUL DEATH**

COMES NOW Plaintiff and for her cause of action states:

1. That Plaintiff Amanda Parsons is a resident and citizen of the State of Florida; that Plaintiff was the wife of Joshua Parsons, now deceased.

2. That Plaintiff Amanda Parsons brings this action pursuant to the provisions of R.S.Mo. §537.080 on her own behalf and on behalf of all other persons entitled to bring this action pursuant to the aforementioned statute.

3. That Defendant Lake Regional Health System is a Missouri not for profit corporation, and as such, operates a hospital facility in Osage Beach, Missouri.

4. That Defendant Steven D. Martin, M.D., a licensed medical doctor, is a resident of Camden County, Missouri.

5. That Defendant Patrick W. O'Neil, a licensed osteopathic physician is, on information and belief, a resident of the state of Kansas.

6. That Defendant David C. Temple, a licensed medical doctor, is a resident of Camden County, Missouri.

7. That Franciscus Vanderpool, M.D., now deceased, was a licensed medical doctor in the state of Missouri.

8. On information and belief, Franciscus Vanderpool, M.D., was insured by a policy of liability insurance for his actions herein, and as such, this court shall appoint a defendant ad litem who shall serve as a legal representative of the decedent Franciscus Vanderpool in this action; said appointment is pursuant to R.S.Mo. §537.021.

9. That this Court has jurisdiction over this claim by reason of 28 USC §1332 in that there is complete diversity of citizenship among the parties.

10. That at all times herein mentioned the Defendant physicians were employees, agents and representatives of Defendant Lake Regional Health System, acting within the course, scope, and nature of their employment/agency relationship with Defendant Lake Regional Health System.

11. That on or about September 16, 2010, Joshua Parsons presented himself as a patient at the hospital facility of the Defendant Lake Regional Health System, where he came under the care and treatment of the Defendant physicians from September 16, 2010, through September 21, 2010.

12. That as a direct and proximate result of the care and treatment decedent Joshua Parsons received at the hospital facility of the Defendant Lake Regional Health System, by the Defendant physicians, Joshua Parsons died on September 22, 2010.

## COUNT I

COMES NOW Plaintiff Amanda Parsons, and for Count I of this Complaint directed to Defendant Lake Regional Health System, states:

13. Plaintiff Amanda Parsons incorporates by reference herein paragraphs 1 through 12 of this complaint.

14. That Defendant Lake Regional Health Systems was negligent in the manner in which it provided care and treatment to decedent Joshua Parsons in the following respects, to wit:

a. that this Defendant ordered and administered the drug Zofran, an anti-emitic, when this Defendant knew, or should have known, that decedent was allergic to said medication;

b. that this Defendant ordered and administered other anti-emitic medications to decedent Joshua Parsons, when they knew, or should have known, that decedent would suffer an adverse reaction to those medications;

c. that this Defendant administered nicotine to decedent Joshua Parsons when they knew, or should have known, that he was a non-smoker.

15. That the aforementioned negligence of Defendant Lake Regional Health System caused, or contributed to cause, the death of Joshua Parsons on September 22, 2010.

16. That as a result of the death of her husband, Plaintiff Amanda Parsons sustained damages as set out in R.S.Mo. §537.090.

WHEREFORE, for Count I of this Complaint, Plaintiff Amanda Parsons prays damages against the Defendant in a reasonable sum, together with her costs herein expended.

## COUNT II

COMES NOW Plaintiff Amanda Parsons, and for Count II of this Complaint directed to Defendant Steven D. Martin, states:

17. Plaintiff Amanda Parsons incorporates by reference herein paragraphs 1 through 12 of this complaint.

18. That Defendant Steven D. Martin was negligent in the manner in which it provided care and treatment to decedent Joshua Parsons in the following respects, to wit:

a. that this Defendant ordered and administered the drug Zofran, an anti-emitic, when this Defendant knew, or should have known, that decedent was allergic to said medication;

b. that this Defendant ordered and administered other anti-emitic medications to decedent Joshua Parsons, when they knew, or should have known, that decedent would suffer an adverse reaction to those medications;

c. that this Defendant administered nicotine to decedent Joshua Parsons when they knew, or should have known, that he was a non-smoker.

19. That the aforementioned negligence of Steven D. Martin caused, or contributed to cause, the death of Joshua Parsons on September 22, 2010.

20. That as a result of the death of her husband, Plaintiff Amanda Parsons sustained damages as set out in R.S.Mo. §537.090.

WHEREFORE, for Count II of this Complaint, Plaintiff Amanda Parsons prays damages against the Defendant in a reasonable sum, together with her costs herein expended.

## COUNT III

COMES NOW Plaintiff Amanda Parsons, and for Count III of this Complaint directed to Defendant Patrick W. O'Neil, states:

21. Plaintiff Amanda Parsons incorporates by reference herein paragraphs 1 through 12 of this complaint.

22. That Defendant Patrick W. O'Neil was negligent in the manner in which it provided care and treatment to decedent Joshua Parsons in the following respects, to wit:

    a. that this Defendant ordered and administered the drug Zofran, an anti-emitic, when this Defendant knew, or should have known, that decedent was allergic to said medication;

    b. that this Defendant ordered and administered other anti-emitic medications to decedent Joshua Parsons, when they knew, or should have known, that decedent would suffer an adverse reaction to those medications;

    c. that this Defendant administered nicotine to decedent Joshua Parsons when they knew, or should have known, that he was a non-smoker.

23. That the aforementioned negligence of Patrick W. O'Neil caused, or contributed to cause, the death of Joshua Parsons on September 22, 2010.

24. That as a result of the death of her husband, Plaintiff Amanda Parsons sustained damages as set out in R.S.Mo. §537.090.

WHEREFORE, for Count III of this Complaint, Plaintiff Amanda Parsons prays damages against the Defendant in a reasonable sum, together with her costs herein expended.

## COUNT IV

COMES NOW Plaintiff Amanda Parsons, and for Count IV of this Complaint directed to Defendant David C. Temple, states:

25. Plaintiff Amanda Parsons incorporates by reference herein paragraphs 1 through 12 of this complaint.

26. That Defendant David C. Temple was negligent in the manner in which it provided care and treatment to decedent Joshua Parsons in the following respects, to wit:

   a. that this Defendant ordered and administered the drug Zofran, an anti-emitic, when this Defendant knew, or should have known, that decedent was allergic to said medication;

   b. that this Defendant ordered and administered other anti-emitic medications to decedent Joshua Parsons, when they knew, or should have known, that decedent would suffer an adverse reaction to those medications;

   c. that this Defendant administered nicotine to decedent Joshua Parsons when they knew, or should have known, that he was a non-smoker.

27. That the aforementioned negligence of David C. Temple caused, or contributed to cause, the death of Joshua Parsons on September 22, 2010.

28. That as a result of the death of her husband, Plaintiff Amanda Parsons sustained damages as set out in R.S.Mo. §537.090.

WHEREFORE, for Count IV of this Complaint, Plaintiff Amanda Parsons prays damages against the Defendant in a reasonable sum, together with her costs herein expended.

## COUNT V

COMES NOW Plaintiff Amanda Parsons, and for Count V of this Complaint directed to Defendant Franciscus Vanderpool, through his Defendant Ad Litem Brian Stokes, states:

29. Plaintiff Amanda Parsons incorporates by reference herein paragraphs 1 through 12 of this complaint.

30. That Defendant Franciscus Vanderpool was negligent in the manner in which it provided care and treatment to decedent Joshua Parsons in the following respects, to wit:

    a. that this Defendant ordered and administered the drug Zofran, an anti-emitic, when this Defendant knew, or should have known, that decedent was allergic to said medication;

    b. that this Defendant ordered and administered other anti-emitic medications to decedent Joshua Parsons, when they knew, or should have known, that decedent would suffer an adverse reaction to those medications;

    c. that this Defendant administered nicotine to decedent Joshua Parsons when they knew, or should have known, that he was a non-smoker.

31. That the aforementioned negligent of Franciscus Vanderpool caused, or contributed to cause, the death of Joshua Parsons on September 22, 2010.

32. That as a result of the death of her husband, Plaintiff Amanda Parsons sustained damages as set out in R.S.Mo. §537.090.

WHEREFORE, for Count V of this Complaint, Plaintiff Amanda Parsons prays damages against the Defendant in a reasonable sum, together with her costs herein expended.

        DEVEREAUX, STOKES, NOLAN,
        FERNANDEZ & LEONARD, P.C.

        /s/    Michael D. Stokes
        _____
        MICHAEL D. STOKES, #22978
        Attorney for Plaintiff
        133 South 11th Street
        Suite 350
        St. Louis, MO 63102
        phone: (314) 621-3743
        fax: (314) 621-5705